IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARQUIS KONRAD STREATY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:19-CV-982-O |
| | § | (NO. 4:17-CR-059-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Marquis Konrad Streaty, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-059-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 12, 2017, movant was named in a one-count indictment charging him with enticement of a child, in violation of 18 U.S.C. § 2422(b). CR Doc.[1] 13. On April 19, 2017, he entered his plea of not guilty. CR Doc. 19. Movant was tried by a jury and convicted. CR Doc. 55.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 28. CR Doc. 59, ¶ 34. He received a two-level enhancement for use of a computer for the purpose of meeting to engage in sexual conduct with an individual he

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-059-O.

believed was 13 years of age. *Id.* ¶ 35. Based on a total offense level of 30 and a criminal history category of I, movant's guideline imprisonment range was 97 to 121 months. However, since the statutorily authorized minimum sentence was 10 years, the guideline range became 120 to 121 months. *Id.* ¶ 87. The PSR included a discussion of factors that might warrant departure and a sentence outside the guidelines. *Id.* ¶¶ 98, 99. The government objected because the PSR failed to include an additional $5,000 special assessment. CR Doc. 60. Movant objected to the suggestion that he might be sentenced above the applicable guideline range. CR Doc. 61. The probation officer prepared an addendum to the PSR accepting the government's objection and rejecting movant's objection. CR Doc. 64.

On September 8, 2017, movant was sentenced to a term of imprisonment of 180 months. CR Doc. 71. The Court explained the sentence:

> I do believe an upward variance is appropriate in this case to protect the public from future crimes of the defendant in this manner.
> . . .
> As I said, I upwardly departed to the prison term as outline[d] in paragraphs 43 through 49 of the Presentence Report. I believe for that - - for those reasons and based upon the defendant's letter that he sent to me, I believe that this sentence, which is above the recommended guidelines, is necessary to protect the public from further crimes of this nature from the defendant.
> As relates to his letter, he says he has no desire for children but only adult women. But in my view, the evidence that has been presented during the trial, during hearings outside the presence of the jury, and contained in the Presentence Report, I believe the evidence shows differently.
> As it relates to that then his lack of awareness of this desire for children and covering it up with his statement that he only has urges for adult women convinces me that this sentence is necessary to protect the public from further crimes of this nature from the defendant, so I upwardly vary for that reason.

CR Doc. 83 at 26, 31–32. In the statement of reasons accompanying the judgment, the Court noted that the sentence was necessary to protect the public from further crimes of movant, CR Doc. 72 at 3–4, and was a sentence sufficient, but not greater than necessary, to achieve the Court's

sentencing objectives of punishment, deterrence, and protection of the public. *Id.* at 4. The Court further noted that even if the guideline calculations were not correct, this was the sentence the Court would impose. *Id.*

Movant appealed. CR Doc. 73. His judgment was affirmed. *United States v. Streaty*, 735 F. App'x 140 (5th Cir. 2018). He did not file a petition for writ of certiorari.

## II. GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion. First, he says that he received ineffective assistance of counsel on appeal. As supporting facts, he says that his counsel failed to raise the issues of entrapment, grossly disproportionate sentence, and § 3553 factors. Second, he received ineffective assistance of counsel at trial. As supporting facts for that ground, he says that his counsel failed to argue an entrapment defense, failed to object to the PSR, and failed to object to the gross disparity in sentencing. Movant also says "the evidence was insufficient to convict movant" and "the nonguideline sentence unreasonably fails to reflect the statutory sentencing." Third, the oral pronouncement at sentencing controls over the written judgment. And, fourth, the sentence is substantially unreasonable. Doc.[2] 1 at 7–8.

## III. APPLICABLE LEGAL STANDARDS

### A. Timeliness of the Motion

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

### B. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

4

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

5

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

### A. Timeliness

The United States Court of Appeals for the Fifth Circuit issued its opinion affirming movant's judgment on August 20, 2018. Movant's judgment became final on November 18, 2018, when the time for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 532 (2003). Movant's motion and cover letter reflect that they were signed on November 17, 2019, Doc. 1 at 10, 11, and put in the prison mail on November 18, 2019.[3] *Id.* at 13. Movant did not file a memorandum in support. Instead, he filed a motion and request for 10 days to file his memorandum in support of his § 2255 motion. Doc. 2. By order signed November 22, 2019, the Court granted the motion only to allow the filing of a memorandum limited to the grounds specifically set forth in the § 2255 motion.[4] Doc. 4. Thereafter, movant filed a further motion for extension of time to file his memorandum. Doc. 5. By order signed December 9, 2019, the Court granted the motion, again only to allow the filing of a memorandum limited to the grounds specifically set forth in the § 2255 motion. Doc. 6. The memorandum was received for filing on

---

[3] Movant's motion for extension of time to file his memorandum also reflects that the motion was delivered to staff for mailing on November 18, 2019. Doc. 2 at 2.
[4] The order pointed out that the motion listed broad grounds of relief with specific grounds listed within the grounds of ineffective assistance of counsel. Doc. 4.

December 18, 2019. Doc. 7. The government filed a motion to strike the memorandum, which exceeds the applicable page limit. Doc. 10. The Court denied the motion, but, referring to its earlier order, reminded the government that it could present issues as to timeliness of the motion in its response. Doc. 12.

As the government points out, movant violated the Court's orders when he filed a memorandum including new grounds for relief. Doc. 12 at 8. The new grounds are presented under the headings "Counsel Allowed Errors In The Jury Selection," Doc. 7 at 5–9, "Ineffective Assistance of Counsel In The Failure To Protect His Fifth Amendment Constitutional Rights," *id.* at 9–12, "The State Of Texas Statute As Applied By The Government Is Overly Broad and Indivisible," *id.* at 27–28, and "Erroneous Calling Mr. Streaty A Predator." *Id.* at 28–29. The new grounds do not relate back to the filing of the motion because they are supported by facts that differ both in time and type from those set forth in the original motion. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Just because the new claims fall under the same category, such as ineffective assistance, does not cause them to automatically relate back. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).

Movant contends that he gave adequate notice in his motion that "multiple other issues" would be raised. Doc. 21 at 2. The contention is ludicrous. If that were the rule, the one-year limitations period would be meaningless. Further, the Court specifically notified movant twice that he could not by his memorandum raise issues that were not set forth in his motion. Movant's *pro se* status does not relieve him of the obligation to comply with the Court's orders. The additional grounds are untimely and will not be considered.[5]

---

[5] The Court does note that, for the reasons discussed by the government, these grounds do not have merit in any event. Doc. 12.

### B. Ineffective Assistance

Movant first raises the issue of ineffective assistance of counsel on appeal. He says that his counsel failed to raise the issues of entrapment, that the sentence was grossly disproportionate, and that the Court failed to address the § 3553 factors. Doc. 1 at 7. His memorandum devotes less than one page to this ground. Doc. 7 at 4. As best the Court can tell, he intends to rely on his argument regarding ineffective assistance of trial counsel to support his contentions. *Id.*

Appellate counsel is not required to raise every nonfrivolous ground of appeal available. *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013). Because counsel filed a merits brief on behalf of movant, movant must show that a particular nonfrivolous issue was clearly stronger than the issues counsel did present. *Id.* Movant must overcome the strong presumption that counsel's choice of the issues presented was a matter of tactics rather than sheer neglect. *Id.* To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *Strickland*, 466 U.S. at 688). And, movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 694). In other words, he must show that the Fifth Circuit would have granted relief on appeal. *Id.*

Movant contends that his counsel should have raised the entrapment defense at trial and on appeal. Entrapment occurs when the criminal design originates with government officials and they implant in the mind of an innocent person the disposition to commit the offense or induce its commission so that they may prosecute him. *Sorrells v. United States*, 287 U.S. 435, 442 (1932). Entrapment is an affirmative defense with two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal conduct.

8

*Mathews v. United States*, 485 U.S. 58, 63 (1988). Predisposition focuses on whether the defendant was an "unwary innocent" or an "unwary criminal." *Id.*; *United States v. Bradfield*, 113 F.3d 515, 522 (5th Cir. 1997).

Movant spends several pages repeating that he was not predisposed to have sex with a minor. Doc. 7 at 23–27. He does not, however, cite any record evidence to support this contention. As the government points out, movant came to the attention of agents when he posted an advertisement titled "Family Nudism?? Or more?? -m4mw." CR Doc. 59, ¶ 10. The advertisement stated that movant was "looking for a family with a kinky side." *Id.* An undercover agent ("UC") emailed movant to ask if he had any hang ups with age and movant responded that he did not. He further responded that he wanted to meet the UC and his 13-year old stepdaughter. *Id.* ¶ 11. Thereafter, movant sent explicit messages describing the types of sexual activity he wanted to engage in with the 13-year old. *Id.* ¶¶ 11–12. The PSR sets forth other similar messages movant had exchanged, clearly showing that he would engage in sexual activity with minors and would go as young as age 10. *Id.* ¶¶ 43–49. Movant's 43 unique postings on Craigslist, including photographs of movant, were introduced at trial. Cr Doc. 80 at 95–97. It appeared that movant's account was created in January 2016, long before the activity the subject of the indictment. *Id.* at 97. And, although movant attaches quite a few of the postings to his memorandum, Doc. 7 at 42–87, obviously a number of postings not favorable to movant are missing.[6] He has not shown that an entrapment defense could have been raised, much less that it would have made any difference to the outcome.

---

[6] The pages attached to the memorandum bear the heading "DATABASE ENRY NUMBER __" and the bottom of each page reflects the page number out of the total page numbers. A number of entries are missing. Doc. 7, Ex. 2. The cover letter from the Assistant Federal Public Defender reflects that he has "forwarded anything relevant to your requests," presumably asking for posts related to adult females. *Id.* at 40.

Movant next says his appellate counsel should have pursued a ground based on his grossly disproportionate sentence. Other than citing to *Gall v. United States*, 552 U.S. 38 (2007), which does not support his position, movant's argument is conclusory and unsupported. Doc. 7 at 29–31. Trial courts are given substantial deference and appellate courts apply an abuse of discretion standard of review when considering sentencing. *Gall*, 552 U.S. at 46. Here, movant's sentence, although above the guideline range, was well within the statutory maximum of life imprisonment. 18 U.S.C. § 2422(b). And, it was consistent with sentences in other child-enticement cases. *See United States v. Montanez*, 797 F. App'x 145, 150 (5th Cir. 2019)(citing similar upward variance cases). The Court set forth enough reasons to show that it had considered the parties' positions and had a reasoned basis for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007). Movant has not shown that this ground would have had the slightest merit on appeal.

Finally, movant says his appellate counsel should have raised the issue that the Court failed to consider the § 3553 factors. Doc. 7 at 26, 21–23. Again, this contention does not have the slightest merit. The undesigned explained on the record his reason for an upward variance. CR Doc. 83 at 31–32. Specifically, the sentence was necessary to protect the public from further crimes of the same nature by movant.[7] 18 U.S.C. § 3553(a)(2)(C). This ground would not have been successful on appeal.

In his second ground, movant asserts that he received ineffective assistance from his trial counsel, who failed to raise the entrapment defense, failed to object to the PSR, failed to object to the gross disparity in sentencing, failed to argue that the evidence was insufficient to convict movant, and failed to argue that the nonguideline sentence unreasonably failed to reflect statutory

---

[7] That movant continues to deny his conduct and contend that he only has urges for adult women confirms the Court's assessment that the sentence was necessary to protect the public from similar crimes of the same nature by movant.

10

sentencing. Doc. 1 at 7. For the reasons discussed, movant's arguments regarding entrapment, gross disparity, and § 3553 factors are without merit. His remaining arguments are wholly conclusory and insufficient.[8] *Miller*, 200 F.3d at 282.

Movant asserts that if the documents he attaches to his memorandum (apparently Craigslist postings about adult women) had been shown to the jury he would not have been convicted. Doc. 7 at 31–34. He overlooks that the jury had evidence that on at least two occasions movant had actively conversed with parents to arrange a meeting with them and their minor daughters. CR Docs. 80–82. His counsel argued to the jury that movant was merely directing a fiction and did not really believe that a real 13-year-old was involved. CR Doc. 82 at 30–45. That the jury did not agree does not mean that movant received ineffective assistance. His speculation that certain exhibits might have changed the outcome is not a ground for relief.

### C. Other Grounds

In his third ground, movant says that the oral pronouncement of sentence controls over the written judgment to the extent that it is substantially different. Doc. 1 at 7. He contends that the Court failed to advise him at the sentencing hearing that he would be subject to additional or special terms of supervised release. Doc. 7 at 12–21. This ground could and should have been raised on appeal and cannot be raised here. *Brown v. United* States, 480 F.2d 1036, 1038 (5th Cir. 1973). But, in any event, movant is mistaken. As was the undersigned's custom at the time, the terms of supervised release were set forth in a document provided to movant prior to sentencing titled "Order Setting Additional Terms of Supervised Release," which movant signed. CR Doc. 70. At sentencing, movant's counsel represented that he had reviewed the conditions with movant and

---

[8] For example, movant says his counsel was ineffective in failing to object to the PSR, but he never explains what objections should have been made or why the outcome would have been different.

11

that there were some objections to be presented. CR Doc. 83 at 26. He presented the objections, some of which the Court accepted. *Id.* at 27–31. The judgment pronounced in court incorporated the conditions as modified based on the objections. Such a procedure was approved in *United States v. Diggles*, 957 F.3d 551, 556–57 (5th Cir. 2020).

In his fourth ground, movant says that his sentence is substantially unreasonable. Doc. 1 at 8; Doc. 7 at 29–31. Again, this is a ground that could and should have been raised on appeal. Movant makes no attempt to show both cause and prejudice. *Frady*, 456 U.S. at 168. For the reasons previously discussed, the ground is without merit. Movant's counsel cannot have been ineffective in failing to raise a meritless ground. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th day of February, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**